**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

BLOOM STUDENT HOUSING, LLC,

Plaintiff,

v.

RUST-OLEUM CORPORATION,

Defendant.

No. 4:24-CV-01460

(Chief Judge Brann)

**MEMORANDUM OPINION**

**AUGUST 25, 2026**

## I. BACKGROUND

On August 27, 2024, Bloom Student Housing, LLC ("Bloom") filed a three-count complaint against a single defendant, Rust-Oleum Corporation ("Rust-Oleum").[1] After nearly two years of discovery and several discovery disputes, Rust-Oleum has filed a motion for leave to file an amended answer: the intent of which is to include a third-party complaint.[2] This motion is ripe for disposition; for the reasons below, the motion for leave to amend is granted.

## II. LAW

Federal Rule of Civil Procedure 15(a)(2) requires district courts to "freely give leave [to amend] when justice so requires."[3] This is a "liberal standard,"[4] and,

1 Doc. 1.
2 *See* Doc. 41, at 1.
3 *Premier Comp Sols., LLC v. UPMC*, 970 F.3d 316, 318 (3d Cir. 2020).
4 *Id.* at 319.

importantly, this "liberal right to amend extends to an answer to the complaint."[5] "'The function of Rule 15(a) … is to enable a party to assert matters that were overlooked or were unknown at the time the party interposed the original [pleading].'"[6] However, the Supreme Court of the United States has explained that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be freely given." [7]

## III. DISCUSSION

In opposition, Bloom makes several arguments as to why the Court should disallow amendment. Despite being somewhat undeveloped in its brief in opposition, Bloom first includes an implicit argument that must be addressed: that Federal Rule of 16(b)(4) serves as a bar to proposed amendment in this case.[8] This argument is advanced by pointing out that "[i]n the Court's August 15, 2025, Amended Scheduling Order, Joinder of Additional Parties was extended to November 15, 2025," but no other extension of that deadline has been sought or granted.[9]

---

5 *Nicholas v. Snider*, No. 4:18-CV-01631, 2019 WL 2324557 (M.D. Pa. May 31, 2019) (Brann, C.J.) (citing *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004)).

6 *Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) (quoting 6 C. Wright & A. Miller, *Federal Practice and Procedures* § 1473 (3d ed. 2019)).

7 *Foman v. Davis*, 371 U.S. 178, 182 (1962) (internal quotation marks omitted).

8 *See* Doc. 42, at 7.

9 *Id.* at 6.

Bloom is correct that Rule 16(b)(4) allows for the modification of a Court's scheduling order only in the event that there is "good cause" shown.[10] Because there were two previous scheduling orders that listed deadlines for joinder that have since past, [11] Rust-Oleum "must meet this standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard."[12] While this is an assuredly higher standard than the liberal one of Rule 15(a), it is not insurmountable.[13] I have previously found that when a party has satisfied an undue delay analysis under Rule 15, then they have also satisfied the "good cause" standard under Rule 16.[14] That is exactly the case here, as will be explained below. As a result, "there is no need to conduct an independent analysis under Rule 16," and I find that Bloom has shown the good cause required to consider their motion under the more liberal Rule 15 standard.[15]

Moving to the Rule 15(a) analysis, two of Bloom's additional arguments can be quickly disposed of. First, Plaintiff makes several allegations that this motion was made with a dilatory motive.[16] Second, Plaintiff contends that "Global Space and BU Luxury

---

10 Fed. R. Civ. Pro. 16(b)(4).

11 *See* Doc. 16 ¶1; Doc. 31 ¶ 1.

12 *Premier Comp. Sols., LLC v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020); *see also Tyger v. Precision Drilling Corp.*, No. 4:11-CV-01913, 2025 WL 3657357, at *1 n.12 (M.D. Pa. Dec. 17, 2025) (Brann, C.J.). The Court does not give credence to Rust-Oleum's argument that the operative scheduling order does not list the joinder deadline, so only Rule 15 applies. While this would be the case if no scheduling order in the case provided for joinder deadlines, *see Tyger*, 2025 WL 3657357, at *1, that is not the case here. Because past scheduling orders explicitly listed deadlines, the Court believes that Rule 16 does serve as the first barrier to consideration of this motion.

13 *See Nicholas v. Snider*, No. 4:18-CV-01631, 2019 WL 2324557, at *3 (M.D. Pa. May 31, 2019) (Brann, C.J.).

14 *See Tyger*, 2025 WL 3657357, at *1.

15 *See id.*

16 *See* Doc. 42, at 2, 8-9, 13.

would be prejudiced by this amendment."[17] As an initial matter, there is no concrete or circumstantial evidence contained in the brief in opposition or the record that indicates a dilatory motive on the part of Rust-Oleum. The Court will not presume such bad faith when the record does not clearly reflect that it is present and the Rules allow for the free giving of leave to amend in its absence. As a result, the Court will not factor any dilatory motive into its analysis of this motion.

Generally, "prejudice to the nonmoving party is the touchstone for the denial of the amendment."[18] "The issue of prejudice requires that we focus on the hardship to the [nonmovant] if the amendment were permitted."[19] Here, Bloom does not advance a single argument that they, as the non-movant, will be prejudiced. Instead, the focus of their brief in opposition is on the potential prejudice to two third parties that are certainly involved in the litigation of overarching events that occurred, but are not parties to this case.[20] The Court does not believe the interests of these non-parties are relevant to a prejudice analysis in this circumstance.[21] Furthermore, "the need for additional discovery does not conclusively establish prejudice."[22] Here, there would be

---

17 *Id.* at 9.

18 *CMR D.N. Corp. v. City of Phila.*, 703 F.3d 612, 629 (3d Cir. 2013) (quoting *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990)).

19 *Cureton v. Nat'l Coll. Ath. Ass'n*, 252 F.3d 267, 274 (3d Cir. 2001).

20 *See* Doc. 42, at 9 ("Global Space and BU Luxury would be prejudiced by this amendment as they would be transformed from interested parties to direct defendants").

21 *See United States v. Riverside Med. Grp.*, P.C., No. 22-4165, 2024 WL 5182395, at *3 (D.N.J. Dec. 20, 2024) ("a litigant 'must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties.'") (quoting *Powers v. Ohio*, 499 U.S. 400, 410 (1991)).

22 *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990).

little to no additional discovery for the current parties, nor the two potential Defendants who have been involved with the litigation from the start, as acknowledged by Bloom.[23] There would likely be some additional discovery for these new defendants related to the new claims against them, but it is on a wholly related issue to what they've already been focused on in their respective cases: the cause of the damage from the fire or smoke. Therefore, I find that the additional work required to conduct discovery from the current and new parties "does not outweigh the presumption in favor of permitting amendment."[24]

Bloom more thoroughly advances arguments related to undue delay in seeking amendment and potential futility of the third party-complaint. The Court respectfully disagrees with both propositions, and will address both in turn.

**A. Undue Delay**

"The mere passage of time does not require that a motion to amend a [pleading] be denied on grounds of delay. In fact, delay alone is an insufficient ground to deny leave to amend."[25] To deny amendment, the movant's delay must be "undue," meaning that it "is 'protracted and unjustified'—it 'can place a burden on the court or counterparty' or show 'a lack of diligence sufficient to justify a discretionary denial of leave.' A district court may exercise its discretion to deny leave to amend when the

---

23 *See* Doc. 42, at 9.

24 *Tyger v. Precision Drilling Corp.*, No. 4:11-CV-01913, 2025 WL 3657357, at *8 (M.D. Pa. Dec. 17, 2025) (Brann, C.J.).

25 *Cureton v. Nat'l Coll. Ath. Ass'n*, 252 F.3d 267, 274 (3d Cir. 2001) (citing *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) and *Cornell & Co., Inc. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1978)).

movant delays completion of discovery."[26] "But even a long period of time between the initial complaint and amendment may not be an undue delay if the movant was not previously aware of the new information to be pled."[27] This means that "the question of undue delay requires that we focus on the movant's reasons for not amending sooner."[28]

Here, Rust-Oleum's delay in seeking to amend their answer was not undue. The sole basis for the amendment is to include a third-party complaint asserting contribution claims against two non-parties.[29] As both parties acknowledge,[30] contribution claims do not accrue until liability has been established.[31] This means that Rust-Oleum could have brought these claims against the two proposed third-party defendants "at any point until four years after any obligation to pay Plaintiffs[] arose."[32] The fact that the claims have yet to even accrue cuts strongly against the notion that there has been any delay, let alone an undue delay.[33]

Bloom's chief argument in opposition to the pending motion is that Rust-Oleum knew from the start of this case, in 2024, or at least by the end of 2025 that it could

---

26 *Spartan Concrete Prods., LLC v. Argos USVI, Corp.*, 929 F.3d 107, 115-16 (3d Cir. 2019) (quoting *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017) and citing *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000)).

27 *Tyger*, 2025 WL 3657357, at *2 (internal quotation marks omitted) (citing *Mullin v. Balicki*, 875 F.3d 140, 151 (3d Cir. 2017)).

28 *Cureton*, 252 F.3d at 273 (citing *Adams*, 739 at 868).

29 *See* Doc. 41, at 1.

30 *See id.* at 6; Doc. 42, at 9.

31 *See Piazza v. Young*, No. 4:19-CV-00180, 2024 WL 100276, at *2 (M.D. Pa. Jan. 9, 2024).

32 *See id.*

33 *See id.*

bring these third-party claims.[34] However, this does not account for the fact that a party does not have to bring all claims at the hypothetical moment that it deduces that they were viable.[35] Instead, a party must simply act "reasonably and diligently" in working to amend a pleading after there's an inkling that it may be viable.[36] Rust-Oleum states that it "did not have all of the facts on which it bases its proposed third-party claims until February 2026."[37] The Court takes the Defendant at its word and credits the large amount of evidence it submitted in its declaration in support of this motion.[38]

The motion for leave to bring the third-party claims was brought on April 1, 2026.[39] That is less than two months after the final deposition that Rust-Oleum asserts serves as one of the bases of the motion was conducted.[40] The Court believes that this is the exact sort of diligent action in seeking an amendment that the law requires. Once it had the facts before it, the lack of which being the alleged reason it did not bring the third-party complaint earlier, Rust-Oleum filed a motion to advance these arguments in an amount of time that this Court considers to be expeditious in the litigation environment.[41] Therefore, "there are no gaps of time during which they have failed to

---

34 *See* Doc. 42, at 8-9.
35 *See Arthur v. Maersk, Inc.*, 434 F.3d 196, 206 (3d Cir. 2006).
36 *See id.*
37 Doc. 44, at 5.
38 *See* Doc. 45.
39 Doc. 40.
40 *See* Doc. 45, Ex. 12.
41 *See Rogers v. Wilmington Tr. Co.*, No. 21-1473, 2022 WL 621690, at *6 (3d Cir. Mar. 3, 2022) ("here was no undue delay here, as Wilmington Trust filed its motion within three months of the close of depositions and learning of inaccurate Interrogatories").

explain why they did not seek to amend. Thus, there is no basis for denying the motion to amend on the ground of undue delay."[42]

As a final reason that delay is not a basis for denying the motion, it should be noted that the United States Court of Appeals for the Third Circuit has "interpreted Rule 15 liberally to allow amendment even where the moving party has delayed in proposing the amendment, 'so long as the opposing party is not prejudiced by the delay.'"[43] Given that I have already found that there was no undue prejudice, even if I found that there was delay — which I have not — it would not be a sufficient reason to deny the present motion.

**B. Futility**

Bloom finally argues that the proposed third-party complaint is futile.[44] "Futility means that the complaint … would fail to state a claim upon which relief could be granted. "In assessing futility, the District Court applies the same standard of legal

---

42 *Tyger*, 2025 WL 3657357, at *3. This conclusion is supported by Bloom's statement that "The deposition testimony purportedly placing blame on Global Space actually highlights why these parties should have been joined earlier." *See* Doc. 42, at 10. While it may have been ideal for these parties to be joined at an earlier stage, if the depositions illustrated the need for their joinder into this litigation, then Rust-Oleum acted diligently in seeking amendment to bring this about when they had the deposition testimony before them. There is no concrete evidence in the record that shows there was knowledge of these claims' viability before the end of February 2026. Claiming that a conducted deposition that provides unknown information supports the notion that something should have been acted on previously turns discovery on its head. It would require the dismissal of a plethora of claims that could have been brought originally, but were not because a party didn't have the benefit of discoverable material. This is not how litigation works in American courts, nor should it, and the Court will not require such foresight from defendants.

43 *Rogers*, 2022 WL 621690, at *6 (quoting *Rutter v. Rivera*, 74 F. App'x 182, 186 (3d Cir. 2003)).

44 Doc. 42, at 10-13.

sufficiency as applies under Rule 12(b)(6)."[45] However, as Rust-Oleum correctly points out, Bloom lacks standing to assert a futility argument against the proposed amendment.

Other district courts in this Circuit have held that "a current party does not hav[e] standing to raise a futility argument with respect to a proposed claim against a proposed new party."[46] The Court is convinced by the logic of these opinions, specifically their notation that "due process concerns would be implicated if a new defendant is barred from filing a dispositive motion based on a prior futility analysis at the motion to amend stage when that new party had no opportunity to raise dispositive arguments on its own behalf in connection with the motion to amend. … [A]ddressing futility at the motion to amend stage may result in two decisions on dispositive issues, whereas requiring a party to raise a futility argument on its own behalf by way of dispositive motion once brought into the case ensures that a court addresses the issue of whether a specific claim is subject to dismissal under Federal Rule of Civil Procedure 12 on only one occasion."[47]

---

45 *Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000) (citations omitted) (citing *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir.1997)) (internal quotation marks omitted).

46 *Conrad v. Lopez De Lasalle*, 681 F. Supp. 3d 371, 379-80 (D.N.J. 2023) (collecting cases); *see also Custom Pak Brokerage, LLC v. Dandrea Produce, Inc.*, No. 13-5592, 2014 WL 988829, at *2 (D.N.J. Feb. 27, 2014); *United States ex rel. Patel v. Fid. Deposit & Dicount Bank*, No. 3:19-CV-1824, 2024 WL 5431441, at *4 (M.D. Pa. June 5, 2024).

47 *Conrad*, 681 F. Supp. 3d at 382.

Therefore, I find that Bloom does not have standing to raise a futility argument in opposition to the pending motion and I will not deny leave to amend on the basis of futility.[48]

## IV. CONCLUSION

For the foregoing reasons, Rust-Oleum's motion for leave to amend its answer is granted.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[48] The Court also notes that Bloom cites no case law to support his argument that either of the proposed third-party defendants were under no duty related to the relevant events. *See* Doc. 42, at 10-13. It certainly appears to be a close question — especially in regard to the duty of B.U. Housing as a tenant — but the Court will not rule on the futility of the argument without hearing from the parties that will be directly responsible for the defense of the claim—Global Space and B.U. Housing.